UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES S. TILLMAN,

                Plaintiff,

v.

CRYSTAL DIXON, et al.,

                Defendants.

No. C10-5032 BHS/KLS

ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's motion for appointment of counsel. Dkt. 7. Having carefully reviewed Plaintiff's motion, and balance of the record, the Court finds, for the reasons stated below, that Plaintiff's motion should be denied.

*DISCUSSION*

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

ORDER DENYING MOTION FOR COUNSEL - 1

*grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331.  Most actions require development of further facts during litigation.  But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues.  *Id.*

Plaintiff maintains that he should be appointed counsel because the issues in his case are complex, he is not versed in the law, and has limited resources.  Dkt. 7, pp. 3, 5.  Plaintiff states that although he is able to articulate his claim, he cannot litigate such a complex suit.  *Id.*  In addition, Plaintiff states that he suffers from a panic disorder that could hamper his litigation.  *Id.*  Plaintiff currently takes Paxil and Valium for his condition  *Id.*

Plaintiff alleges that he was the subject of abuse and mistreatment while being detained in the intensive management unit at the Special Commitment Center (SCC).  Dkt. 4.  The issue of whether Plaintiff has been abused and mistreated by the defendants is not a complex one.  In addition, Plaintiff has demonstrated an adequate ability to write and articulate his claims *pro se*.

ORDER DENYING MOTION FOR COUNSEL - 2

He has not shown a likelihood of success on the merits aside from his conclusory statements that his case has merit.  Finally, there is no evidence that Plaintiff's medical condition has limited his abilities to prosecute this matter.

Accordingly, Plaintiff's motion to appoint counsel (Dkt. 7) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

DATED this   10th   day of June, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL - 3