|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

**UNITED STATES DISTRICT COURT
WESTERN DISCTRICT OF WASHINGTON
AT TACOMA**

CHARLES S. TILLMAN,

          Plaintiff,

  v.

CRYSTAL DIXON, et al.,

          Defendants.

NO. C10-5032 BHS/KLS

ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND COMPLAINT

Before the court is Plaintiff's motion to amend his complaint. Dkt. 33. Plaintiff's original complaint was filed on February 10, 2010. Dkt. 4. To date, none of the named defendants has been served with process. Dkts. 11, 12 and 13.

Having reviewed the motion and balance of the record, the court finds that the motion to amend should be granted.

### *DISCUSSION*

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Otherwise, the party "may amend the party's pleading only by leave of court or by written consent of the adverse party." *Id.* Leave to amend "shall be freely given when justice so requires," and "this policy is to be applied with extreme liberality." *Id.*; *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). After a responsive pleading has

1   been filed, "leave to amend should be granted unless amendment would cause prejudice to the
2   opposing party, is sought in bad faith, is futile, or creates undue delay." *Martinez v. Newport
3   Beach City*, 125 F.3d 777, 786 (9th Cir. 1997).

4   In his original complaint, Plaintiff named as defendants Crystal Dixon, Sylvia
5   Washington, and Frank San Nicholas, all of whom were employed at the Stafford Corrections
6   Center (SCC) during the time of Plaintiff's allegations.  Dkt. 4.  The court directed the U.S.
7   Marshal to serve the named defendants with Plaintiff's complaint on March 15, 2010.  Dkt. 6.
8   On April 26, 2010, the U.S. Marshal filed unexecuted returns of service for Frank San
9   Nicholas, Sylvia Washington, and Crystal Dixon. Dkts. 10, 11 and 12.  The unexecuted returns
10  of service reflect that the mailings were returned, marked "Not at this address, Return to
11  Sender." *Id.*

12  Because service cannot be effected, personal jurisdiction over Defendants Nicholas,
13  Washington and Dixon does not currently exist in this case and the Court has no authority over
14  them at this time.  Thus, the court directed Plaintiff to provide current addresses for the
15  defendants so that another attempt at service can be made. Dkt. 13, p. 2.   In a letter dated May
16  7, 2010, Plaintiff states that he is attempting to serve the former SCC employee defendants
17  through the SCC Legal Coordinator Becky Denny.  Dkt. 14, p. 1. In his motion to amend,
18  Plaintiff explains that as an incarcerated litigant, it is impossible for him to obtain defendants'
19  home addresses, but their previous employer, the DSHS/SCC has their addresses.  Dkt. 16, p.
20  2. He requests leave to amend his lawsuit to add defendants still working at the SCC so that
21  they may be served and the suit will continue forward until it is decided how the other
22  defendants will be served. *Id.*

1   The court finds that the motion to amend should be granted. After one or more of the
2   defendants have entered their appearance in this action, Plaintiff may request assistance of
3   counsel for the served defendants and/or file a motion to obtain service addresses under seal
4   for those defendants for whom service has not been effected.

    Accordingly, it is **ORDERED:**

    (1)   Plaintiff's motion to amend his complaint (Dkt. 16) is **GRANTED**.

    (2)   The Clerk is directed to docket the "[Proposed] First Amended Complaint" (Dkt. 16-2) as Plaintiff's First Amended Complaint, and to send a copy of this Order to Plaintiff.

    DATED this 10th day of June, 2010.

                                                    Karen L. Strombom
                                                    United States Magistrate Judge