UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES S. TILLMAN,<br><br>                          Plaintiff,<br>    v.<br><br>CRYSTAL DIXON, SYLVIA WASHINGTON, FRANK SAN NICHOLAS, and KENNETH RISCONISCUITO,<br><br>                         Defendants. | No. C10-5032 BHS/KLS<br><br>ORDER DENYING SECOND MOTION FOR THE APPOINTMENT OF COUNSEL |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's second motion for appointment of counsel. Dkt. 32. Plaintiff's first motion for counsel was denied. Dkts. 7 and 17. Having carefully reviewed Plaintiff's motion, and balance of the record, the Court finds, for the reasons stated below, that Plaintiff's motion should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is

ORDER DENYING MOTION FOR COUNSEL - 1

discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331. Most actions require development of further facts during litigation. But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

Plaintiff's previously asserted grounds for the appointment of counsel will not be considered again here. *See* first motion (Dkt. 7) and Order denying (Dkt. 17). In this motion, Plaintiff alleges that the resident who was assisting him cannot continue in that capacity "as the resident *whose computer he was using* has moved off of his unit and therefore, he has no way to continue assisting the Plaintiff." Dkt. 32, p. 5. While it is not clear whether Plaintiff is complaining of the lack of a resident assistant or the lack of a resident assistant with a computer,

ORDER DENYING MOTION FOR COUNSEL - 2

there is no evidence that other computers are not available at the SCC and Plaintiff has demonstrated an adequate ability to write and articulate his claims.

Plaintiff has again failed to present any evidence that his medical condition has limited his abilities to prosecute this matter.

Accordingly, Plaintiff's second motion to appoint counsel (Dkt. 32) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

DATED this  9th   day of September, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL - 3