UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES S. TILLMAN,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CRYSTAL DIXON, SYLVIA WASHINGTON, FRANK SAN NICHOLAS, KENNETH RICONISCUITO, and TRUDY MILLER,<br><br>　　　　　　　　　　Defendants. | No. C10-5032 BHS/KLS<br><br>ORDER REGARDING LETTER REQUEST FOR ASSISTANCE |

　　　　Before the Court is Plaintiff's letter dated May 10, 2011.  ECF No. 46.  Plaintiff asks the Court to advise him on how to proceed against Defendants' motion for summary judgment, filed on April 25, 2011 (ECF No. 44).  *Id.*  Plaintiff claims that he does not know how to proceed, does not even know what a motion for summary judgment is, and no longer has the assistance of the individual who helped him start his lawsuit.  *Id.*  Plaintiff claims that he previously advised the court that he did not know how to proceed in a letter dated November 13, 2010.  *Id.* (*citing* ECF No. 40.  In that letter, Plaintiff stated that he knew he was in the discovery phase, but was unsure of what to do next.  He also advised the Court of the whereabouts of one of the Defendants.  ECF No. 40.  In response to that letter, the Court directed service on the Defendant.

ORDER - 1

It is unclear what relief the Plaintiff seeks. Neither the Court nor the Clerk of Court can provide legal advice or prosecute Plaintiff's case for him. Despite his *pro se* status, Plaintiff is responsible for prosecuting his case, obeying the Court's orders, and following the federal and local rules.

Almost nine months ago, the Court issued the Pretrial Scheduling Order. ECF No. 34. Within that Order, the parties were advised, among other things, that all discovery was to be completed by February 25, 2011. In addition, the Order stated:

> Service of responses to interrogatories and to requests to produce, and the taking of depositions shall be completed by this date. Federal Rule of Civil Procedure 33(b) (3) requires answers or objections to be served within **thirty (30) days** after service of the interrogatories. The serving party, therefore, must serve his/her interrogatories at least **thirty (30) days** before the deadline in order to allow the other party time to answer.

*Id.*, p. 1.

Regardless of any lack of knowledge Plaintiff may have had in regard to conducting discovery, he was clearly made aware by the plain language of the Court's pretrial scheduling the time frame within which discovery is to be conducted and was referred to the federal rule governing the service of discovery. *Id.* The Pretrial Scheduling Order further advised the parties as to the filing of dispositive motions, including motions for summary judgment. *Id.* In particular, the Order stated:

> If a motion for summary judgment is filed, it is important for the opposing party to note the following:
>
> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a

ORDER - 2

matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, **you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998) (emphasis added).  Furthermore, Local Rule CR 7(b) (4) states that a party's failure to file necessary documents in opposition to a motion for summary judgment may be deemed by the court to be an admission that the opposition is without merit.

ECF No. 34, pp. 2-3.

Plaintiff has not alleged that he did not receive the Court's Order or that he was unable to read the Order.  The language quoted above is not so complex and hard to understand that a pro se litigant, even one not familiar with the law, cannot comprehend it.  That language is, in fact, the same language used to inform all pro se prisoner litigants of applicable pretrial deadlines, the nature of summary judgment motions, and their responsibilities with respect thereto.

Finally, if Plaintiff seeks relief from this Court, he must do so in the form of a motion, noted for hearing according to the Federal Rules of Civil Procedure and as outlined in the Pretrial Scheduling Order.  Thus, Plaintiff's letter (ECF No. 46) shall remain in the Court's file without further action by the Court.

**DATED** this 23rd day of May, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3