UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES S. TILLMAN,

                Plaintiff,

  v.

CRYSTAL DIXON, FRANK SAN NICHOLAS, SYLVIA WASHINGTON, KENNETH RICONOSCUITO, and TRUDY MILLER,

                Defendants.

No. C10-5032 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted for: November 25, 2011**

In his First Amended Complaint, Plaintiff named Crystal Dixon, Frank San Nicholas[1], Sylvia Washington, Kenneth Riconiscuito, and Trudy Miller as Defendants. ECF No. 20. Summary judgment in favor of Defendants Frank San Nicholas, Kenneth Riconoscuito, and Trudy Miller was granted on October 27, 2011. ECF Nos. 48 and 52. Defendants Crystal Dixon and Sylvia Washington have never been served with the amended complaint and it is recommended that all claims against them be dismissed without prejudice.

## BACKGROUND

Plaintiff filed his civil rights complaint on January 7, 2010. ECF No. 1. The Court granted Plaintiff's application for leave to proceed *in forma pauperis* and directed service of Plaintiff's complaint. ECF Nos. 3 and 6. In his original complaint, Plaintiff named as defendants, Crystal Dixon, Sylvia Washington, and Frank San Nicholas, all of whom were

---

[1]Defendant San Nicholas' name is spelled variously throughout pleadings as either "Nicholas" or "Nicolas". His signature and printed name on the waiver of service of summons confirms that his name is spelled "Nicholas". ECF No. 42.

REPORT AND RECOMMENDATION - 1

employed at the Special Commitment Center (SCC) during the time of Plaintiff's allegations. ECF No. 4. The Court directed the U.S. Marshal to serve the named defendants with Plaintiff's complaint on March 15, 2010. ECF No. 6. On April 26, 2010, the U.S. Marshal filed unexecuted returns of service for Frank San Nicholas, Sylvia Washington, and Crystal Dixon. ECF Nos. 10, 11 and 12, respectively. The unexecuted returns of service reflect that the mailings were returned, marked "Not at this address, Return to Sender." *Id.*

The Court directed Plaintiff to provide current addresses for the defendants so that another attempt at service could be made. ECF No. 13 at 2. On May 7, 2010, Plaintiff advised that he was attempting to serve the former SCC employee defendants through SCC Legal Coordinator Becky Denny. ECF No. 14 at 1. Plaintiff also requested leave to amend his lawsuit to add defendants still working at the SCC so that the suit could continue forward. ECF No. 16.

On June 10, 2010, the Court granted the motion to amend. ECF No. 18. The Court also advised Plaintiff that after one or more of the defendants had entered their appearance, Plaintiff could request assistance of counsel for the served defendants and/or file a motion to obtain service addresses under seal for those defendants who had not yet been served. *Id.* at 2. Plaintiff's First Amended Complaint added Kenneth Riconiscuito and Trudy Miller as defendants. ECF No. 20. Defendants Trudy Miller and Kenneth Riconiscuito filed waivers of service on July 8, 2010. ECF Nos. 30 and 31. Defendant Frank San Nicholas filed a waiver of service on December 1, 2010. ECF No. 42. On April 25, 2011, Defendants Trudy Miller, Kenneth Riconiscuito, and Frank San Nicholas filed their motion for summary judgment. ECF No. 44. The Court noted that Defendants Crystal Dixon and Sylvia Washington had not been served, that the Court had no jurisdiction over them, and that any claims against them were not the subject of the summary judgment motion. ECF No. 48 at n.1 and 4.

REPORT AND RECOMMENDATION - 2

Plaintiff has not provided the Court with current service addresses for Defendants Crystal Dixon and Sylvia Washington nor has he requested additional time or assistance from the Court relating to service of these defendants.

**DISCUSSION**

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons and complaint must be made upon a defendant within 120 days after the filing of the complaint. Unless the plaintiff can show good cause for his failure to serve, the court shall dismiss the action without prejudice as to that defendant or shall extend the time for service. Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshal, upon order of the court, shall serve the summons and complaint. Fed. R. Civ. P. 4(c)(2). "[A]n incarcerated pro se plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (*quoting Puett v. Blanford*, 912 F.2d 270, 275 (9t Cir. 1990)), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is "automatically good cause." *Walker*, 14 F.3d at 1422 (*quoting Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a pro se plaintiff fails to provide accurate and sufficient information to effect service of the summons and complaint, the court's *sua sponte* dismissal of the un-served defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

Plaintiff has a duty to prosecute this case. *Fidelity Philadelphia Trust Co. v.*

REPORT AND RECOMMENDATION - 3

*Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir.1978).  He has failed to do so by ignoring his duty to provide the court with current service addresses.  A court cannot exercise jurisdiction over a defendant without proper service of process.  *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R .Civ. P. 4").  Plaintiff could have sought assistance from defense counsel and/or this Court in an effort to obtain current addresses for the remaining two defendants.  He chose not to do so.

## CONCLUSION

The undersigned recommends this case be dismissed without prejudice as to Defendants Crystal Dixon and Sylvia Washington.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 25, 2011**, as noted in the caption.

**DATED** this   7th   day of November, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4